

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
07/14/2021

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| **OFS INTERNATIONAL LLC,** *et al.*, | § Case No. 21-31784 (DRJ) |
| | § |
| Debtors.[1] | § (Jointly Administered) |
| | § |
| | (Docket No. 104) |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS**
**OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER**
**SECTION 503(b)(9), (II) ESTABLISHING AMENDED SCHEDULES**
**BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING**
**THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING**
**SECTION 503(b)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES**

The above-captioned debtors and debtors in possession (together, the "Debtors") filed their

motion (the "Motion")[2] for entry of an order (this "Bar Date Order") (a) approving the Bar Dates,

the Proof of Claim Form and the Bar Date Notice, all as more fully set forth in the Motion, and (b)

granting related relief. The Court has jurisdiction over the Motion and the relief requested in the

Motion pursuant to 28 U.S.C. § 1334 and venue is proper in this District pursuant to 11 U.S.C.

§ 1408. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may

enter a final order on the Motion. Upon consideration of the Motion and after hearing statements

and evidence presented in support of the Motion during proceedings before this Court, the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International LLC (3527); Threading and Precision Manufacturing LLC (8899); OFSI Holding, LLC (3419).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion. Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

finds that good cause exists to grant the requested relief. The relief requested by the Motion is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties in interest and the Debtors gave sufficient and proper notice of the Motion and related hearings.

## I.     The Bar Dates and Procedures for Filing Proofs of Claim

1.      Except in the cases of governmental units and certain other exceptions explicitly set forth in this Bar Date Order, each entity that asserts a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** or Official Form 410.[3]

2.      Each employee of the Debtors that asserts a claim against the Debtors that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information, such as address, email address, phone, fax, and identification numbers such as social security number, birth date, bank account, and other account numbers,. Such employees that file a redacted Proof of Claim, are required to serve an unredacted Proof of Claim upon the counsel to the Debtors, Porter Hedges LLP, Attn.: Joshua W. Wolfshohl, 1000 Main Street, 36th Floor, Houston, Texas 77002.

3.      The Debtors are authorized to take reasonable action to prevent employees' personally identifiable information from being publicly available on the claims register.

4.      Except in the cases of governmental units and certain other exceptions explicitly set forth in this Bar Date Order, all Proofs of Claim must be filed so that they are actually received

---

[3] Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at (888) 909-0100 (Toll-Free); (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/ofsi; and/or (c) visiting the website maintained by the Court at https://www.txs.uscourts.gov/bankruptcy.

on or before **August 14, 2021, at 11:59 p.m., prevailing Central Time** (the "Claims Bar Date"), at the addresses and in the form set forth herein.

5.      The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth this Bar Date Order.

6.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim so they are actually received on or before **November 29, 2021, at 11:59 p.m., prevailing Central Time** (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

7.      Unless otherwise ordered by the Court, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such agreements, shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "Rejection Damages Bar Date"). For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

8.      If the Debtors amend the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any amendment to holders of claims affected

thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date the notice of the Schedule amendment is mailed (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date" and, together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates"). If the Debtors amend or supplement their Schedules after the Service Date (as defined herein), the Debtors propose to provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

9.      All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date. If Proofs of Claim are not received on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth in this Bar Date Order, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these Chapter 11 Cases and/or receiving distributions from the Debtors on account of such claims in these Chapter 11 Cases.

## II.     Parties Required to File Proofs of Claim

10.     The following entities holding claims against the Debtors arising before the Petition Date shall file Proofs of Claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its

claim allowed in a different classification or amount other than that identified in the Schedules;

c.     any entity that believes its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules;

d.     any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; and

e.     any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.     Parties Exempted from the Bar Date

11.     Notwithstanding anything contained in this Order, the following entities and categories of claimants shall **not** be required to file a Proof of Claim by the Bar Date:

a.     any entity that already has filed a signed Proof of Claim against the applicable Debtor in a form substantially similar to Official Form 410;

b.     any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.     any entity whose claim has previously been allowed by a final order of the Court;

d.     any Debtor having a claim against another Debtor; *provided*, *however*, for the avoidance of doubt, that any non-Debtor affiliate having a claim against a Debtor in these above-captioned cases not listed on the Schedules must file a Proof of Claim;

e.     a current employee of the Debtors, for any claim related to wages, commissions, or benefits; *provided that* a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

f.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

g.      any entity holding a claim for which a separate deadline is fixed by this Court;

h.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided that* any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

i.      professionals retained in these Chapter 11 Cases by (i) the Debtors, (ii) any official committee, and (iii) the DIP Lender (as defined in the *Interim Order (I) Approving Postpetition Financing, (II) Allowing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Docket No. 42] or any related final order, the "DIP Order");

j.      the Pre-Petition Lender and the DIP Lender (each as defined in the DIP Order) on account of the Pre-Petition Obligations and the DIP Obligations; and

k.      any holder of a claim for any fees, expenses, or other obligations arising under the DIP Order.

12.     No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided that* any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by this Bar Date Order.

## IV.    Substantive Requirements of Proofs of Claim

13.     The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      **Contents**. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of

the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b. **_Section 503(b)(9) Claim_**. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. **_Electronic Signatures Permitted_**. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d. **_Identification of the Debtor Entity_**. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against OFS International, LLC.

e. **_Claim Against Multiple Debtor Entities_**. Each Proof of Claim must state a claim against **_only one_** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against OFS International, LLC

f. **_Supporting Documentation_**. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; _provided that_ any creditor that does not attach supporting documentation shall be required to transmit such documentation to Debtors' counsel upon request no later than three (3) days from the date of such request.

g. **_Timely Service_**. Each Proof of Claim must be filed, including supporting documentation so as to be **_actually received_** by BMC as follows:

(a)   by   electronic   submission   through   the   interface   available   at

http://onlineclaims.bmcgroup.com/OFSi/claim/Filing410, or (b) if submitted through non-

electronic means, by U.S. Mail or other hand delivery system at the following addresses:

**By First Class Mail:**
BMC Group, Inc.
Attn: OFS International Claims Processing
P.O. Box 90100
Los Angeles, CA 90009
**By Overnight or Hand Delivery:**
BMC Group, Inc.
Attn: OFS International Claims Processing
3732 West 120th Street
Hawthorne, CA 90250

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

h.    ***Receipt of Service***. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by BMC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to BMC) and (ii) a self-addressed, stamped envelope.

## V.    Procedures for Providing Notice of the Bar Date

### A.  Mailing of Bar Date Notices

14.    Pursuant to Bankruptcy Rule 2002(a)(7), on or as soon as is reasonably practicable after entry of the Bar Date Order, and in any event no later than July 15, 2021 (the "Service Date"), the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** to the proposed order (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be served via first class mail to the following entities (or their respective counsel, if known):

a.    the U.S. Trustee;

b.    counsel to the Pre-Petition Lender and the DIP Lender;

c.    counsel to PAO TMK;

d.    proposed counsel for the Committee, if any;

e.    all known claimants and their counsel (if known) as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

f.      all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

g.      all entities that have filed proofs of claim in these Chapter 11 Cases as of the date of the Bar Date Order;

h.      all known, non-Debtor, equity holders of the Debtors as of the date the Bar Date Order is entered;

i.      all entities who are party to executory contracts and unexpired leases with the Debtors;

j.      all entities who are party to litigation with the Debtors;

k.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);[4]

l.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

m.      the Offices of the Attorney General for each of the states in which the Debtors operate;

n.      all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

o.      the Executive Office for United States Attorneys; and

p.      the Office of the United States Attorney for the Southern District of Texas

15.      The Debtors shall provide all known creditors listed in the Debtors' Schedules with a personalized Proof of Claim Form, which will set forth: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is

---

[4] As set forth herein, the proposed Bar Date Order grants current employees authority to file a proof of claim with personally identifiable information, such as address, email address, phone, fax, and identification numbers such as social security number, birth date, bank account, and other account numbers, redacted.

missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

### B. Supplemental Mailings

16.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known after the initial mailing of the Bar Date Package. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

### VI.     Consequences of Failure to File a Proof of Claim

17.     Any entity who is required (and not exempt) under this Order, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a proof of claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

18.     Any such entity who is required (and not exempt) under this Order, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

**VII.    Miscellaneous**

19.     BMC shall, at least monthly during these Chapter 11 Cases, file on the docket the claims register for each Debtor. The Clerk need not physically transfer any claim that she receives electronically to BMC. The Clerk shall, by using BMC's overnight express account, transmit to BMC any paper proof of claim that it receives.  Notwithstanding, any other provision of this Order, any proof of claim received by the Clerk by the applicable Bar Date shall be considered timely, regardless of whether such claim was timely received by BMC.

20.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

21.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**Signed:  July 14, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## Exhibit 1

**Proof of Claim Form**

<u>Official Form 410</u>

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                04/19

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **Fill in the caption at the top of the form.**

■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

■ **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.**  For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at: www.bmcgroup.com/ofsi.

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages. Claims entitled to administrative priority under 11 U.S.C. §503(b)(9) should be asserted by filling in the appropriate information on this Proof of Claim form. All other administrative claims must be asserted by an appropriate "request" under 11 U.S.C. §503(a) and should not be asserted on this Proof of Claim form.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.
**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by Regular Mail:**
BMC Group, Inc.
Attn: OFSI Claims Processing
PO Box 90100
Los Angeles, CA 90009

**If by Messenger or Overnight Delivery:**
BMC Group, Inc.
Attn: OFSI Claims Processing
3732 West 120th Street
Hawthorne, CA 90250

| **Do not file these instructions with your form** |
| --- |

| Debtor | Case No. |
| --- | --- |
| OFS International, LLC | Case No. 21-31784 (DRJ) |
| OFSI Holding, LLC | Case No. 21-31786 (DRJ) |
| Threading and Precision Manufacturing, LLC | Case No. 21-31787 (DRJ) |

**Fill in this information to identify the case:**

Debtor name: _____

United States Bankruptcy Court for the:  **Southern District of Texas**

Case number (If known): _____

---

## Modified Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, except for administrative expenses under 11 U.S.C. § 503(b)(9).**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**The original of this completed form (faxes not accepted), together with accompanying documentation, must be either (a) delivered to the Claims and Noticing Agent at the address set forth on the Bar Date Notice, or (b) filed using the online claim filing system of BMC Group at www.bmcgroup.com/ofsi, in either event so as to be received no later than the General Bar Date of August 14, 2021 at 11:59 p.m. (prevailing Central Time) or for governmental entities the Governmental Bar Date of November 29, 2021 at 11:59 p.m. (prevailing Central Time).**

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

**THIS SPACE IS FOR COURT USE ONLY**

---

## Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Name of the current creditor (the person or entity to paid for this claim) _____<br><br>Other name the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>_____<br>Name<br><br>_____<br>Number     Street<br><br>_____<br>City          State     ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number     Street<br><br>_____<br>City          State     ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____<br>                                                                                                     MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

---

Modified Form 410                                    **Proof of Claim**                                    page 1

**Part 2:**    **Give information about the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**    $_____.     **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

     **Nature of property:**

     ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

     ☐ Motor vehicle

     ☐ Other. Describe: _____

     **Basis for perfection:** _____

     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     **Value of property:**    $_____

     **Amount of the claim that is secured:**    $_____

     **Amount of the claim that is unsecured:**    $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

     **Amount necessary to cure any default as of the date of the petition:**    $_____.

     (when case was filed) _____%

     **Annual Interest Rate**

     ☐ Fixed

     ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____.

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. §507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☐ No | |
|---|---|---|
| | ☐ Yes.**Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business.  Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State     ZIP Code

Contact phone _____     Email _____

**Exhibit 2**

**Proposed Bar Date Notice**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| | § |
| **In re:** | § **Chapter 11** |
| | § |
| **OFS INTERNATIONAL LLC,** *et al.*, | § **Case No. 21-31784 (DRJ)** |
| | § |
| **Debtors.**[1] | § **(Jointly Administered)** |
| | § |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor | Case No. |
|---|---|
| OFS International, LLC | Case No. 21-31784 (DRJ) |
| OFSI Holding, LLC | Case No. 21-31786 (DRJ) |
| Threading and Precision Manufacturing, LLC | Case No. 21-31787 (DRJ) |

**PLEASE TAKE NOTICE THAT:**

On May 31, 2021 (the "Petition Date"), OFS International, LLC and the above-captioned debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On July 14, 2021, the Court entered an order (the "Bar Date Order")[2] establishing certain dates by which certain parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, except with respect to beneficial owners of the Debtors' debt and equity securities, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International LLC (3527); Threading and Precision Manufacturing LLC (8899); OFSI Holding, LLC (3419).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

believe that you hold claims against more than one Debtor you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.      THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (collectively, the "**Bar Dates**"):

   a.   ***Claims Bar Date.*** Except as expressly set forth in this Notice, all entities (except governmental units and other entities exempt from filing Proof(s) of Claim under the Bar Date Order) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by **August 14, 2021, at 11:59 p.m., prevailing Central Time**. Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

   b.   ***Governmental Bar Date.*** All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by **November 29, 2021, at 11:59 p.m., prevailing Central Time**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

   c.   ***Rejection Damages Bar Date.*** Unless otherwise ordered by the Court, all entities holding claims (other than entities that are exempt from filing Proof(s) of Claim under the Bar Date Order) against the Debtors arising from the

rejection of executory contracts and unexpired leases of the Debtors, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such agreements, are required to file Proofs of Claim by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors. For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

d.     ***Amended Schedules Bar Date.*** If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor (other than a creditor that is exempt from filing a Proof of Claim under the Bar Date Order) is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days after the date that on which the Debtors mailed notice of the amendment to the Schedules (or another time period as may be fixed by the Court). If the Debtors amend or supplement their Schedules after the Service Date, the Debtors propose to provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules

## II.     WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other Bar Date set forth in the Bar Date Order, as applicable:

a.     any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.     any entity that believes its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules;

d.      any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; and

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.     PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need not file Proofs of Claim:

a.      any entity that already has filed a signed Proof of Claim against the applicable Debtor in a form substantially similar to Official Form 410;

b.      any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by a final order of the Court;

d.      any Debtor having a claim against another Debtor; provided, however, for the avoidance of doubt, that any non-Debtor affiliate having a claim against a Debtor in these above-captioned cases not listed on the Schedules must file a Proof of Claim;

e.      a current employee of the Debtors, for any claim related to wages, commissions, or benefits; provided that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

f.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

g.      any entity holding a claim for which a separate deadline is fixed by this Court;

h.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; provided that any entity asserting a claim entitled to priority under

4

section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

i.      professionals retained in these Chapter 11 Cases by (i) the Debtors, (ii) any official committee, and (iii) the DIP Lender (as defined in the *Interim Order (I) Approving Postpetition Financing, (II) Allowing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Docket No. 42] or any related final order, the "DIP Order");

j.      the Pre-Petition Lender and the DIP Lender (each as defined in the DIP Order) on account of the Pre-Petition Obligations and the DIP Obligations; and

k.      any holder of a claim for any fees, expenses, or other obligations arising under the DIP Order.

No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided that* any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Bar Date Order.

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents***. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.      ***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      ***Electronic Signatures Permitted***. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

11110343v1

d. ***Identification of the Debtor Entity***. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against OFS International, LLC.

e. ***Claim Against Multiple Debtor Entities***. Each Proof of Claim must state a claim against ***only one*** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against OFS International, LLC.

f. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided that* any creditor that does not attach supporting documentation shall be required to transmit such documentation to Debtors' counsel upon request no later than three (3) days from the date of such request.

g. ***Timely Service***. Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by BMC as follows:

(a) by electronic submission through the interface available at **www.bmcgroup.com/ofsi**, or (b) if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**By First Class Mail:**
BMC Group, Inc.
Attn: OFS International Claims Processing
P.O. Box 90100
Los Angeles, CA 90009
**By Overnight or Hand Delivery:**
BMC Group, Inc.
Attn: OFS International Claims Processing
3732 West 120th Street
Hawthorne, CA 90250

| **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.** |
| --- |

h. ***Receipt of Service***. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by BMC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to BMC) and (ii) a self-addressed, stamped envelope.

6

## V.      CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.      YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING PROOF OF CLAIM WITH RESPECT THERETO);

b.      THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.      YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.      YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.      RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, **and** if you do not dispute that your claim is only against the Debtor

entity specified by the Debtors, and if your claim is **not** described as "disputed," "contingent," or "unliquidated," you need ***not*** file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and certain other pleadings, orders, and notices, and other information regarding these Chapter 11 Cases are available for inspection free of charge on the Debtors' website at **www.bmcgroup.com/ofsi.** The Schedules and other filings in these Chapter 11 Cases also are available for a fee at the Court's website at **https://www.txs.uscourts.gov/bankruptcy.** A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov.** Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' restructuring hotline at: (888) 909-0100.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

11110343v1