

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/14/2021

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **OFS INTERNATIONAL LLC,** *et al.*, | § | **Case No. 21-31784 (DRJ)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER
11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**
[Relates to Doc. No. 85]

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors") filed their motion (the "Motion")[2] pursuant to sections 105(a) and 331 of the Bankruptcy Code seeking authority to establish procedures for interim compensation and reimbursement of professionals. The Court has jurisdiction over the Motion and the relief requested in the Motion pursuant to 28 U.S.C. § 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on the Motion. The relief requested by the Motion is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties in interest and the Debtors gave sufficient and proper notice of the Motion and related hearings. Upon consideration of the Motion and after hearing statements in support of the Motion during proceedings before this Court, the Court finds that good and just cause exists to grant the requested relief.

**IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International LLC (3527); Threading and Precision Manufacturing LLC (8899); OFSI Holding, LLC (3419).

[2] Any capitalized term not expressly defined herein shall have the meaning ascribed to such term in the Motion.

10653760v2

1. Except as may otherwise be provided by order of this Court authorizing the retention of specific professionals, all Required Professionals in these cases may seek interim compensation in accordance with the following procedures:

   a. On or before the 20th day of each month following the month for which compensation is sought, each Required Professional may submit a monthly fee statement ("Fee Statement") describing and itemizing the fees and expenses (~~in accordance with the guidelines promulgated by the U.S. Trustee~~) incurred within the applicable period, together with a summary setting forth the total amount of fees, each Required Professional's (and any paraprofessional's) hourly rate, total time and fees, the amount of reimbursable expenses sought and the amount of any prepetition retainer held by the Required Professional to (a) the Debtors, OFS International LLC, 7735 Miller Road 3, Houston, Texas 77049; (b) proposed counsel to the Debtors, Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, Texas 77002 (Attn: Joshua W. Wolfshohl and Aaron J. Power); (c) counsel to Sandton Capital Solutions Master Fund V, LP, McGuireWoods LLP, Attn: Mark Freedlander, Tower Two-Sixty, 260 Forbes Ave., Suite 1800, Pittsburgh, PA 15222; (d) counsel to the Official Committee of Unsecured Creditors, if any; and (e) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002.

   b. In the event that a party in interest or an entity set forth in subparagraph (a) has an objection to the compensation or reimbursement sought in a particular Fee Statement, such party in interest or entity shall, no later than fourteen (14) days after receipt of the Fee Statement, serve upon the Required Professional whose Fee Statement is objected to and the other parties designated in subparagraph (a) a written "Notice of Objection to Fee Statement" setting forth with specificity the nature of the objection by time entry and the amount of fees or expenses at issue. Thereafter, the objecting party and the Required Professional whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within fourteen (14) days after receipt of such objection, the Required Professional whose Fee Statement is objected to shall have the option of (1) filing a motion seeking payment of the disputed amount with the Court, or (2) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection if payment of the disputed amount is requested.

   c. Promptly after the expiration of the fourteen (14) day period, if no objection has been served in accordance with subparagraph (b), the Debtors shall pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Fee Statement. If the Debtors receive an objection to a Fee Statement, the Debtors shall withhold payment of the disputed amount and promptly pay the remainder based upon the percentages set forth above.

d.     The first Fee Statement may be submitted by each of the Required Professionals on or before July 20, 2021, or the day following entry of an order approving this motion, and shall cover the period from the Petition Date through June 30, 2021.

e.     Every three (3) months, on or before the forty-fifth (45th) day following the last day of the period for which compensation is sought, each of the Required Professionals shall file with the Court and serve on those parties identified in subparagraph (a) (and on such parties as may be required by the Bankruptcy Code or the Bankruptcy Rules) an application for interim approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the fees and expenses requested for the prior three (3) months (the "<u>Interim Fee Application</u>"). Each Interim Fee Application must include (i) a narrative discussion, (ii) a summary of the Monthly Fee Statements that are the subject of the application, and (iii) the amount of fees and expenses paid to date. The first such applications shall be filed on or before October 15, 2021 and shall cover the period from the Petition Date through and including, August 31, 2021. Any Required Professional who fails to file an application when due, or who does not file an appropriate pleading explaining why such application has not been filed, shall be ineligible to receive further interim payments of fees or expenses as provided for herein until such time as the application is submitted. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered an appearance pursuant to Bankruptcy Rule 2002. Parties will have 14 days after service of any Interim Fee Application to object thereto. The Debtors will request that the Court set a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court may deem appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no objections are timely filed thereto. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

f.     The pendency of an application contending or a Court order holding that the Debtors' payment of fees or expenses was improper as to a particular Fee Statement shall not disqualify a Required Professional from the future payment of compensation or reimbursement of expenses as set forth above.

g.     Upon the conclusion of a Required Professional's representation, such Required Professional shall file an application seeking final approval of all paid and unpaid fees and expenses (the "<u>Final Fee Application</u>").

h.     In each Interim Fee Application and Final Fee Application, all Required Professionals shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules for the

Southern District of Texas, ~~the U.S. Trustee Guidelines~~, and any other applicable procedures and orders of the Court and ~~shall make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013 both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these Chapter 11 Cases~~.

    i.    A Required Professional shall not seek payment in a Final Fee Application for any amounts that such Required Professional previously sought in a Monthly Fee Statement or Interim Fee Application and which (a) such Required Professional voluntarily waived or reduced to resolve formal or informal objections or (b) were disallowed by order of the Court.

11. The Debtors shall include all payments to Required Professionals in their operating reports, describing in detail the amounts paid to each of the Required Professionals.

12. ~~Notwithstanding anything in this Order, all Required Professionals in these Chapter 11 Cases shall comply with the relevant U.S. Trustee Fee Guidelines and shall record time in increments of 1/10th of an hour.~~

13. No later than five (5) business days after the filing of each Interim Fee Application or Final Fee Application, the Required Professional shall send to the U.S. Trustee by electronic mail the fee detail containing the daily time entries and the expense detail.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed: July 14, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

10653760v2