

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
07/14/2021

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **OFS INTERNATIONAL LLC, *et al.*,** | § | **Case No. 21-31784 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| | | (Docket No. 83) |

### ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of this Order pursuant to Bankruptcy Code sections 105(a), 327, 328, and 330, Bankruptcy Rules 2014 and 2016, and Bankruptcy Rules 2014-1 and 2016-1 authorizing the employment and compensation of professionals utilized by the Debtors in the ordinary course of their business, all as further described in the Motion; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International LLC (3527); Threading and Precision Manufacturing LLC (8899); OFSI Holding, LLC (3419).

[2]   All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor;

It is therefore **ORDERED THAT:**

24.     The Debtors are authorized, in their discretion, to employ the OCPs listed on **Exhibit A** to this Order in accordance with the procedures listed herein, effective as of the Petition Date, and pay reasonable postpetition fees and expenses for the services of the OCPs in the ordinary course of their business.

25.     The following procedures shall govern the retention and payment of OCPs:

a.     To ensure that none of the OCPs represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which such professional is employed, each OCP shall be required to file a declaration (each, a "Declaration of Disinterestedness") with the Court within 30 days after entry of the Proposed Order (as defined below), substantially in the form attached to the Motion as **Exhibit B**, stating that it does not hold an interest materially adverse to the Debtors, and to serve its Declaration of Disinterestedness on the following parties: (a) the U.S. Trustee; (b) McGuireWoods LLP, counsel to Sandton; (c) counsel to PAO TMK; (d) the Debtors' 30 largest creditors; (e) counsel to the Committee, if any; (f) the United States Attorney's Office for the Southern District of Texas; (h) the Internal Revenue Service; (h) all parties that have requested notice pursuant to Rule 2002 of the Bankruptcy Rules; and (i) any party required to be served under Bankruptcy Local Rule 9013-1(d) (collectively, the "Notice Parties")

b.     The Notice Parties shall have 14 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "Objection Deadline"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be consensually resolved within 14 days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled hearing date that is no less than 14 days from that date or on a date otherwise agreed to by the parties. The Debtors shall not be authorized to retain and pay such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.    If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an OCP, the Debtors shall be authorized to retain and pay that OCP in accordance with these OCP Procedures.

d.    The Debtors are authorized to pay any retained OCP, without further application to the Court, 100% of fees and disbursements upon submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date and the fees and disbursements related thereto; *provided, however*, that (a) such OCP's fees, excluding costs and disbursements, do not exceed the OCP Monthly Cap on average over a three-month rolling period during the pendency of the Chapter 11 Cases and (b) such OCP's fees, excluding costs and disbursements, do not exceed the OCP Case Cap during the pendency of the Chapter 11 Cases.

e.    To the extent that fees payable to any OCP exceed the OCP Monthly Cap on average over a three-month rolling period during the pendency of the Chapter 11 Cases, the OCP shall file a fee application with the Court for the amount in excess of the OCP Monthly Cap in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court, unless the U.S. Trustee and counsel for the Committee, if any, agree that a fee application is not necessary.

f.    If an OCP exceeds the OCP Case Cap, the OCP shall file a retention application with the Court pursuant to Bankruptcy Code section 327, unless the U.S. Trustee and counsel for the Committee, if any, agree that a fee application is not necessary.

g.    At the three-month intervals during the pendency of the Chapter 11 Cases beginning with the period from the Petition Date through August 31, 2021, and for each three-month period thereafter (each, a "Quarter"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after the end of such Quarter, a statement that shall include the following information for each OCP: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (c) all postpetition payments made to that OCP to date; and (d) a general description of the services rendered by that OCP.

h.    The Debtors may retain additional OCPs from time to time during the Chapter 11 Cases by (a) including each additional OCP on an

amended version of **Exhibit A** attached hereto that shall be filed with the Court and served on the Notice Parties and (b) having such additional OCP comply with the OCP Procedures.

26.     Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim, and any such payment is not intended and should not be construed as an assumption of any executory contract or obligation of the Debtors.

27.     To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of this Order (each such agreement, an "OCP Agreement"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these cases:

    a.    The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

    b.    Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (iv) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no

longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by the Court after notice and a hearing.

28.     This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court approving such professional's employment.

29.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

30.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

31.     Notwithstanding anything to the contrary in this Order, (i) any and all payments arising under, arising in connection with, or authorized to be made by this Order, or otherwise relating to the relief requested in the Motion, shall be subject to, as applicable, any interim and final orders of this Court in these chapter 11 cases (a) authorizing the Debtors' use of cash collateral (the "Cash Collateral") and/or (b) approving the Debtors' debtor-in-possession financing

(the "Proposed Financing"), and the related, documentation, budgets and projections as approved by the lenders as part of the Debtors' use of Cash Collateral and Proposed Financing and (ii) to the extent there is any inconsistency between the terms of any such Proposed Financing and/or Cash Collateral orders or the terms of the documentation, budgets and projections with respect thereto, on one hand, and this Order or any payment made or proposed to be made or any action taken or proposed to be taken hereunder, on the other hand, the terms of such Proposed Financing and/or Cash Collateral orders shall control.

32.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Order shall be immediately effective and enforceable upon its entry.

33.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Signed:  July 14, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**<u>Exhibit A</u>**
**Debtors' Ordinary Course Professionals**

| PROFESSIONAL | SERVICES PROVIDED | ADDRESS |
|---|---|---|
| Karen A. Conticello | Outside general corporate counsel | 1300 W. Sam Houston Parkway, Suite 100<br>Houston, TX 77042<br>Karen.Conticello@Conticellolaw.com |
| MouerHuston LLC | Litigation | 349 Heights Blvd.<br>Houston, TX 77007<br>allison@mouerhuston.com |
| EEPB | Accounting and tax return preparation | 2950 North Loop West, Suite 1200<br>Houston, TX 77092<br>Jason.warren@eepb.com |