UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § <br> § Chapter 11 <br> § |
| **OFS INTERNATIONAL, LLC,** *et al.* | § Case No. 21-31784 (DRJ) <br> § |
| Debtors.[1] | § (Jointly Administered) <br> § |

**FERMATA TECHNOLOGIES LLC'S MOTION TO QUASH
ULTRA PREMIUM SERVICES, L.L.C. AND IPSCO TUBULARS, INC'S NOTICE OF
EXAMINATION UNDER RULE 2004 AND SUBPOENA DUCES TECUM**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Fermata Technologies, LLC ("Fermata") files this *Motion to Quash Ultra Premium Services, L.L.C. and IPSCO Tubulars, Inc.'s Notice of Examination under Rule 2004 and Subpoena Duces Tecem* (the "Motion") under 11 U.S.C. § 105 (the "Bankruptcy Code") and Rules 2004 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: OFS International, LLC (3527); Threading and Precision Manufacturing, LLC (8899); and OFSI Holding, LLC (3419).

1

2004-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for relief are section 105 of the Bankruptcy Code, Bankruptcy Rules 2004 and 7026, and Bankruptcy Local Rule 2004-1(d).

## INTRODUCTION

3. IPSCO's Rule 2004 Notice to Fermata confirms the suspicions raised by Debtors in their Motion to Quash IPSCO's other Rule 2004 notice—IPSCO is simply trying to disrupt the Debtors' reorganization and the business of Debtors' affiliates. *See In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) ("Courts have imposed limits on the use of Rule 2004 examinations where the purpose of the examination is to abuse or harass."). IPSCO's sole purpose for these proposed Rule 2004 examinations is to interfere with the bankruptcy process.

4. IPSCO has no good faith basis for a claim against Debtors or Fermata. Like Debtors, Fermata bought its peace with IPSCO in August 2020, agreeing to a permanent injunction and securing a full release. Nonetheless, despite having **zero evidence** of any wrongdoing, **zero evidence** of any products being sold in violation of the permanent injunction, and **zero evidence** of any misappropriation, IPSCO has served sweeping discovery into Debtors' and Fermata's businesses. The Court should not allow IPSCO to conduct this groundless discovery.

## DEBTORS' MOTION TO QUASH (DKT. 167)

5. Debtors' Motion to Quash (Dkt. 167) lays out the following reasons to quash IPSCO's Rule 2004 Notice: 1) there is zero risk of ongoing misappropriation; 2) IPSCO's claims

(if they had any) have already been released; 3) IPSCO has already passed on the opportunity to bring claims against Anaconda SP; 4) IPSCO has agreed to stay discovery in a pending state court lawsuit; 5) IPSCO's Rule 2004 Notice is not reasonably necessary for the protection of IPSCO's legitimate interests; and 6) IPSCO's Rule 2004 Notice is overbroad.

6.     IPSCO's Rule 2004 Notice to Fermata is largely identical and, accordingly, Fermata incorporates Debtors' Motion to Quash as if fully set forth herein. *See* Dkt. 167

## ARGUMENT

7.     IPSCO must have a good faith basis for seeking Rule 2004 discovery from Fermata; IPSCO has no right to blindly seek discovery without at least some basis to believe a potential claim may exist. Fed. R. Bankr. P. 9011(b)(1).

8.     When pressed, however, during the meet and confer process, IPSCO's counsel provided only a single basis for its discovery demands, both to Debtors and Fermata: "we don't trust you." Not that IPSCO had performed some investigation and identified certain similarities; not that IPSCO had evaluated some public data that caused it concern; not that IPSCO had some information suggesting copying had taken place—only, "we don't trust you."[2]

9.     We don't trust you, though, is not a valid basis for pursuing *any discovery*, let alone the sweeping discovery IPSCO seeks. The requests served by IPSCO would be objectionable even if IPSCO did have any evidence of wrongdoing and even if the requests were served during an actual lawsuit. Here, where there is no lawsuit and there is no evidence, the requests are flat out

---

[2] Effectively conceding the overbreadth of its requests, IPSCO also offered to drop many of its baseless requests. Although Fermata and Debtors have been and will continue to work with IPSCO in an effort to resolve these requests by agreement, even IPSCO's narrowed requests are overly broad and improper. For example, IPSCO still insists on a comprehensive search for terms like "Ultra," which is simply the company name of a competitor. There is no basis for IPSCO to insist Debtors or Fermata incur the costs of these expansive searches when IPSCO knows the information was deleted two years ago, at IPSCO's request, and again last year as a condition of the settlement agreement with IPSCO.

abusive. IPSCO's inability to justify its requests with any kind of specificity only confirms the improper nature of its Rule 2004 notices. *In re Cambridge Analytica*, 600 B.R. at 752.

## CONCLUSION

10. For the reasons set forth above, and all of the reasons set forth in Debtors' Motion to Quash (Dkt. 167) the Court should quash IPSCO's Rule 2004 Notice to Fermata.

Dated: August 5, 2021                                             Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.**

*/s/ Timothy C. Shelby*
Timothy C. Shelby
Texas Bar No. 24037482
Southern District of Texas No. 39044
Sammy Ford IV
Texas Bar No. 24092531
Southern District of Texas No. 950682
Jason S. McManis
Texas Bar No. 24088032
Southern District of Texas No. 3138185
Jordan Warshauer
Texas Bar No. 24086613
Southern District of Texas No. 2994699
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
Fax: (713) 655-0062
tshelby@azalaw.com
sford@azalaw.com
jmcmanis@azalaw.com
jwarshauer@azalaw.com

**COUNSEL FOR FERMATA
TECHNOLOGIES, LLC**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument was served on August 5, 2021, by ECF on all counsel of record.

*/s/ Jason S. McManis*
Jason S. McManis
