**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **OFS INTERNATIONAL LLC,** *et al.*,[1] | Case No. 21-31784 (DRJ) |
| Debtors. | (Jointly Administered) |

**WORLD EQUITY GROUP, INC.'S EMERGENCY MOTION TO ALLOW
LATE FILED PROOF OF CLAIM PURSUANT TO FEDERAL RULES
OF BANKRUPTCY PROCEDURE 3003(c)(3) AND 9006(b)(1)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHWERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International, LLC (3527); Threading and Precision Manufacturing LLC (8899): OFSI Holding, LLC (3419).

**TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:**

World Equity Group, Inc. ("Movant" or "WEG"), by and through the undersigned counsel hereby files its Motion to Allow Late Filed Proof of Claim, and states as follows:

## I.     BASIS FOR EXPEDITED CONSIDERATION

1.     On September 30, 2021, the Debtors in this case filed their Disclosure Statement and Chapter 11 Plan of Reorganization. *See* Dkt. 285. The Voting Record Date is October 25, 2021 which is less than 21 days from the date of this Motion. Accordingly, Movant requests expedited consideration of this Motion before the expiration of 21 days.

## II.     JURISDICTION

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory basis for the relief requested is 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 3003(c)(3) and 9066(b)(1).

## III.     BACKGROUND

3.     NorthView Advisors, LLC ("NorthView") is a full-service investment bank that offers securities through World Equity Group, Inc.

4.     Through NorthView, WEG entered into an Investment Banking Engagement Letter (the "Agreement") with OFS International LLC ("OFSI") on March 23, 2020.[2] The Agreement provided that WEG would act as OFSI's financial advisor and placement agent in connection with the possible placement of senior secured debt, working capital revolver, unsecured or non-senior debt, and preferred equity interests, or equity (defined as a "Financing Transaction" in the Agreement).

---

[2] A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

2

5. On August 7, 2020, WEG through NorthView provided to Mr. Semerikov a list of Investors/WEG Parties introduced to OFSI pursuant to Section 6 of the Agreement[3].

6. This Agreement contains terms related to Financing Transactions between an investor introduced by WEG to OFSI. *See* the "Engagement" Section 1 of the Agreement attached hereto as Ex. 1. For each possible Financing Transaction, OFSI agreed to promptly notify WEG so that WEG could evaluate the party and its interest in the Financing Transaction. *See* the "Exclusivity" Section 3 of the Agreement attached hereto as Ex. 1. Further, the Agreement contains terms related to fees due to WEG for each Financing Transaction. *See* the "Financing Transaction Fee" Section 8 of the Agreement attached hereto as Ex. 1. By signing this agreement, OFSI acknowledged that it was required to notify WEG of Financing Transactions between OFSI and investors that WEG introduced to it and that it would pay to WEG the fees for Financing Transactions consummated pursuant to the Agreement. Specifically, OFSI agreed to the following:

- The Company agrees that neither it, its equity holders, or other affiliates, nor its management, will initiate any discussions regarding a possible Financing Transaction during the term of this Agreement, without WEG's knowledge and consent. In the event that the Company, its equity holders or other affiliates, or its management receives any inquiry regarding a possible Financing Transaction, WEG will be promptly informed of such inquiry so that it can evaluate such party and its interest in any Financing Transaction and assist the Company in any resulting negotiations. In the event that the Company consummates a Financing Transaction with any party during the period covered by this Agreement, WEG shall be paid a I Financing Transaction Fee and expenses, as described more fully below in Section 8.

Section 3, "Exclusivity" of the Agreement.

---

[3] A true and correct copy of the list of Investors/WEG Parties introduced to OFSI is attached to hereto as **Exhibit 2**.

7. On May 31, 2021, OFSI filed its bankruptcy petition for chapter 11 protection. The deadline to file proofs of claim (the "Bar Date") in this bankruptcy was August 14, 2021.

8. On September 10, 2021, counsel for OFSI emailed a representative from NorthView regarding a draft of the "employment application" to be filed with the Bankruptcy Court. Sandton was listed on Schedule 1(d) of the document that OFSI's counsel emailed to the NorthView representative. Even though Sandton's name was included in a schedule of the document included in the September 10, 2021 email, WEG was unaware that there was a Financial Transaction consummated between OFSI and Sandton. At no point did OFSI inform WEG of its relationship with Sandton.

9. On October 6, 2021, Sandton directly contacted WEG regarding the consummation of a Financing Transaction between it and OFSI. That was the first time WEG had actual notice that a Financing Transaction had been consummated between OFSI and Sandton.

10. On October 6, 2021, WEG contacted OFSI directly regarding the Financing Transaction consummated between OFSI and Sandton. On October 19, 2021, OFSI's bankruptcy counsel sent an email to WEG through NorthView stating that the date to file proofs of claim had passed on August 14, 2021.[4] A true and correct copy of the email WEG received from OFSI's bankruptcy counsel is attached hereto as **Exhibit 3**. OFSI has never notified WEG of the Financing Transaction between it and Sandton.[5]

---

[4] WEG believes that the Agreement is still in effect, despite OFSI's counsel's October 19, 2021 letter that purportedly terminates the Agreement.

[5] The Affidavit of Mark Lishchynsky is attached hereto in Support of WEG's Emergency Motion.

11. On October 19, 2021, WEG's counsel contacted outside counsel regarding OFSI's bankruptcy filing and the passing of the Bar Date. Subsequently, the WEG filed its proof of claim and the Emergency Motion. WEG waits for notification of hearing on its Emergency Motion.

12. WEG has suffered and continues to suffer irreparable harm from OFSI's breach of the Agreement and failure to notify WEG of the Financial Transaction between it and Sandton. WEG missed the Bar Date in the OFSI bankruptcy because it did not know of the Financing Transaction between OFSI and Sandton. WEG only learned of the Bar Date on October 19, 2021. Should WEG not be allowed to file its proof of claim, it will suffer immediate and irreparable harm, including, but not limited to, exclusion from filing its proof of claim and receiving any distributions to which it is entitled.

## IV. REQUESTED RELIEF

13. Pursuant to Bankruptcy Rule 3003(c)(3), the "Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 9006(b)(1) allows the Bar Date to be extended where the failure to timely act, "was the result of excusable neglect."

14. Bankruptcy courts are courts of equity. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the Supreme Court established a four equitable considerations to assess whether a failure to act is considered "excusable,": "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." An equitable determination taking account of all relevant circumstances surrounding a party's omission that the neglect is "excusable" warrants allowance of a late filed claim. *Id*.

15. The Fifth Circuit has emphasized the importance of the first factor, prejudice to the debtor, the "key consideration in evaluating [that factor] is whether allowing the late filing of a claim will have a material adverse effect on their reorganization. *In re Pilgrim's Pride Corp.*, 2011 WL 576070, at *4 (Bankr. N.D. Tex. Feb. 9, 2011) *citing Eagle Bus. Mfg. V. Rogers*, 62 F.3d 730, 737 (5th Cir. 1995). If the debtor was aware of the claim before negotiating and confirming a plan of reorganization, there is little to not prejudice to the debtors by permitting the filing of a late claim. *Eagle Bus. Mfg. V. Rogers*, 62 F.3d at 737.

16. It is not novel that creditors have missed a bar date. The Courts in all of the cases cited above allowed claimants to file their proofs of claim after the expiration of the bar date because the Courts made the equitable determination applying the four factor test which established that there would be no prejudice to the Debtors. Applying the four part test from *Pilgrim's Inv. Servs.* as they are applied in the Fifth Circuit, WEG's late filed proof of claim ("WEG's POC") should be allowed.

**A.      Factor 1: Prejudice to the Debtor**

17. WEG asks the Bankruptcy Court to allow its proof of claim as unsecured. It is unlikely that the Debtors will be prejudiced. While Debtors have submitted their proposed plan (the "Plan") to the Bankruptcy Court, it has yet to be approved. Furthermore, Debtor states in its Plan that it "will continue to operate the Debtors' businesses and make additional payments to general unsecured creditors as set forth in the Plan." *See* Dkt. 285, p. 7/65. Additionally, unsecured creditors' estimated recovery under the Plan is based on the assumption that the Debtors will prevail and that the IPSCO Claims are "[d]isallowed in their entirety." *See* Dkt. 285, p. 28/65. Therefore, the amount of recovery for unsecured creditors has yet to be determined and is based

on an assumption. Because Debtors have not determined the amount of recovery for unsecured creditors adding WEG's claim will not prejudice Debtors.

**B.     Factor 2: Length of the Delay and Its Potential Impact on Judicial Proceedings**

18.     On October 6, 2021, after the bar date, WEG actually learned of the Financing Transaction between Debtors and Sandton that forms the basis of its unsecured claim. On that same day, WEG sent to OFSI its invoice. Sending the invoice directly to OFSI did indeed violated 11 U.S.C. § 362, however, there was only negligible harm in sending the invoice. It was only on October 19, 2021, when WEG received a response from Debtors' bankruptcy counsel that it learned that it missed its opportunity to timely file its unsecured proof of claim.

19.     After WEG learned of its claim, it immediately filed its proof of claim and this Emergency Motion as reflected in the dates of filing. The Debtors' Plan has not been confirmed. Therefore, it is clear that the length of delay by WEG in filing its proof of claim would not have a significant impact on the pending judicial proceedings.

**C.     Factor 3:  Reason for the Delay**

20.     WEG did not timely file its unsecured claim because it did not know it had a claim. Debtors violated the terms of the Agreement with WEG by failing to notify WEG of its Financing Transaction with Sandton. Section 3 of the Agreement clearly states that Debtors were to notify WEG of any Financing Transactions between it and any WEG Investors. Because of Debtors' breach of the terms of the Agreement and failure to notice WEG, WEG did not know it had an unsecured claim. Despite Debtors' breach of the terms of the Agreement, WEG acted quickly to get on file its unsecured proof of claim based on the amount of post-petition financing extended by Sandton to Debtors.

**D.     Factor 4:  Whether the Movant Acted in Good Faith**

21. There is no question that WEG acted in good faith. The moment it learned of the Financing Transaction between Debtors and Sandton, WEG attempted to communicate that to Debtors. As it stands now, Debtors have undoubtedly benefitted from the post-petition financing it received from Sandton which it would not have but for WEG. WEG merely asks that its claim is allowed.

## V.   CONCLUSION

22. WEG filed its proof of claim very soon after it learned it had an unsecured claim. The four factors established in *Pioneer Inv. Servs.* are satisfied by WEG. Debtors would not suffer prejudice if WEG's claim were allowed, however, WEG would lose the opportunity to assert its claim and would have extremely limited means for recovery. Accordingly, WEG requests an order from the Court allowing WEG to file its late proof of claim.

WHEREFORE, PREMISES CONSIDERED, Movant requests an order from the Court allowing WEG to file its late proof of claim.

DATED:   October 22, 2021

Respectfully submitted,

**HENNEMAN RAU KIRKLIN & SMITH LLP**

By:   /s/ *Allyson S. Johnson*
Matthew B. Henneman
Texas State Bar No. 00790865
*mhenneman@hrkslaw.com*
Allyson S. Johnson
Texas State Bar No. 24113379
*ajohnson@hrkslaw.com*
815 Walker Street, Suite 1440
Houston, Texas 77002
Phone: 713-955-6030
Fax: 713-955-6141

**ATTORNEYS FOR MOVANT
WORLD EQUITY GROUP, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of October, 2021, the above and foregoing document was filed electronically using CM/ECF and that a true and correct copy of the foregoing was served to Debtors' counsel and all parties participating in the CM/ECF system in this manner.

                                            */s/ Allyson S. Johnson*
                                            Allyson S. Johnson