IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **OFS INTERNATIONAL LLC,** *et al.*,[1] | **Case No. 21-31784 (DRJ)** |
| Debtors. | **(Jointly Administered)** |

**WORLD EQUITY GROUP, INC.'S REPLY TO DEBTORS' OBJECTION TO WORLD EQUITY GROUP, INC.'S EMERGENCY MOTION TO ALLOW LATE FILED PROOF OF CLAIM PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 3003(c)(3) AND 9006(b)(1)**

(Relates to Doc. No. 326)

World Equity Group, Inc. ("WEG") files its Reply to Debtors' Objection (the "Objection") to World Equity Group, Inc.'s Emergency Motion to Allow Late Filed Proof of Claim Pursuant to Federal Rules of Bankruptcy Procedure 3003(c)(3) and 9006(b)(1) (the "Motion") and asserts as follows:

**SUMMARY**

1. Debtors' Objection fails to state the issue at the heart of this matter, OFSI failed to notify WEG of its Financial Transaction[2] with Sandton Capital ("Sandton") breached the terms of the Agreement[3] it had with WEG.

2. Debtors' Objection further supports WEG's Motion because the events to which Debtors cite in their Objection all occur after the bar date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International, LLC (3527); Threading and Precision Manufacturing LLC (8899): OFSI Holding, LLC (3419).
[2] "Financial Transaction" has the same definition as in the Motion (Doc. No. 322).
[3] The "Agreement" is the March 23, 2020, Engagement Letter and is defined in the Motion (Doc. No. 322) and in Debtors' Objection (Doc. No. 326).

3. Accordingly, the Motion should be allowed because WEG did not know of its claim until after the bar date.

## ARGUMENT

**A.  OFS International LLC Breached its Agreement.**

4. Debtors' Objection glosses over the fact that it breached the terms of its Agreement. In relevant part, the Agreement states:

> •  The Company agrees that neither it, its equity holders, or other affiliates, nor its management, will initiate any discussions regarding a possible Financing Transaction during the term of this Agreement, without WEG's knowledge and consent.  In the event that the Company, its equity holders or other affiliates, or its management receives any inquiry regarding a possible Financing Transaction, **WEG will be promptly informed of such inquiry** so that it can evaluate such party and its interest in any Financing Transaction and assist the Company in any resulting negotiations.  In the event that the Company consummates a Financing Transaction with any party during the period covered by this Agreement, WEG shall be paid a I Financing Transaction Fee and expenses, as described more fully below in Section 8.

Section 3, "Exclusivity" of the Agreement (emphasis added).

5. When OFS International LLC ("OFSI") failed to notify WEG of the Financing Transaction, it breached the Agreement.  Because of OFSI's breach, WEG did not have notice of the Financing Transaction between it and Sandton which forms the basis of WEG's proof of claim. WEG's early knowledge of Debtors' bankruptcy does not change the fact that OFSI never provided notice of the Financing Transaction with Sandton.

**B.  Every Date Cited in Debtors' Objection is After the Bar Date.**

6. Every date cited in Debtors' Objection offered as to why WEG should have known about its Financing Transaction with Sandton is after the Bar Date.  *See* Debtors' Objection at Doc. No. 326.

7. While WEG had knowledge of the bankruptcy, it did not have knowledge of the Financing Transaction between Debtors and Sandton. The earliest event to which Debtors cite in their Objection that WEG had any sort of constructive notice is September 8, 2021, when Debtors provided a "list of names for WEG to run conflicts on which listed Sandton as the secured lender." (*see* the Objection at p. 3, ¶12). Despite the September 8, 2021 date, Sandton being included in a schedule does not equate to notice of a Financing Transaction between Debtors and Sandton.

8. Most importantly, September 8, 2021 was after the Bar Date which was August 14, 2021 (as defined in Doc. No. 133). As set forth in WEG's Motion, WEG did not receive actual notice of the Financing Transaction between it and Sandton until communications from Sandton with WEG on or about October 6, 2021, and therefore could not have timely filed its proof of claim prior to that date.

## CONCLUSION

9. WEG's proof of claim should be allowed and considered timely filed because it did not know of its claim until after the Bar Date because of OFSI's breach of the Agreement.

WHEREFORE, WEG requests that the Court grant its motion and allow it to file its proof of claim as timely.

DATED:   October 25, 2021

Respectfully submitted,

**HENNEMAN RAU KIRKLIN & SMITH LLP**

By:   /s/ *Allyson S. Johnson*
    Matthew B. Henneman
    Texas State Bar No. 00790865
    *mhenneman@hrkslaw.com*
    Allyson S. Johnson
    Texas State Bar No. 24113379
    *ajohnson@hrkslaw.com*
    815 Walker Street, Suite 1440

3

          Houston, Texas 77002
          Phone: 713-955-6030
          Fax: 713-955-6141

**ATTORNEYS FORWORLD EQUITY GROUP, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of October, 2021, the above and foregoing document was filed electronically using CM/ECF and that a true and correct copy of the foregoing was served to Debtors' counsel and all parties participating in the CM/ECF system in this manner.

          */s/ Allyson S. Johnson*
          Allyson S. Johnson