UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>OFS INTERNATIONAL LLC, *et al.*,<br><br>Debtors.[1] | § <br>§ Chapter 11<br>§<br>§ Case No. 21-31784 (DRJ)<br>§<br>§ (Jointly Administered)<br>§ |

**DEBTORS' SURREPLY IN OPPOSITION TO WORLD EQUITY GROUP, INC.'S EMERGENCY MOTION TO ALLOW LATE FILED PROOF OF CLAIM PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 3003(c)(3) AND 9006(b)(1)**
(Relates to Doc. No. 322)

OFS International LLC ("OFSI") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), file this Surreply in Opposition to World Equity Group, Inc.'s ("WEG") Emergency Motion to Allow Late Filed Proof of Claim Pursuant to Federal Rules of Bankruptcy Procedure 3003(c)(3) and 9006(b)(1) (the "Motion").

**ARGUMENT**

**A. WEG was served with notice of the bar date.**

1. On July 15, 2021, the Debtors' noticing agent served a copy of the Notice of Deadline for Filing of Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code (the "Bar Date Notice").

2. WEG was served with the Bar Date Notice. *See* Exhibit A at page 53. WEG was served at the same address as the notice and payment address in its engagement agreement with the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International LLC (3527); Threading and Precision Manufacturing LLC (8899); OFSI Holding, LLC (3419).

1

3. It is indisputable that WEG had actual notice of the bar date. The statement in its motion that "WEG only learned of the Bar Date on October 19, 2021" is false. *See* Doc. No. 322 at ¶ 12.

4. WEG was aware of its tail provision, it was aware of the bankruptcy case within days of it being filed, and WEG was served with a copy of the Bar Date Notice. WEG had an obligation to perform the basic diligence to protect its claim if it believed it may have one.

5. WEG has known of this bankruptcy case and been in discussions with the Debtor regarding this case since June 4, 2021. On July 8, 2021, unsolicited, WEG sent the Debtors a term sheet for a sale-leaseback transaction the purpose of which was to pay off the Sandton DIP loan. On July 15, 2021, it was served with the Bar Date Notice.

6. Aside from its obligation as a potential pre-petition creditor, WEG was seeking to be employed as an investment banker on a post-petition basis and should have done the basic diligence on the case to know who the DIP lender was and what the terms of the DIP loan were.

7. WEG again repeats the allegation that it did not know of the Sandton transaction until a communication from Sandton on October 6, 2021. While it was not prior to the bar date, Paul Gorski's email of October 1, 2021 asking about the discount Sandton received in connection with the purchase of the JPMorgan ABL facility clearly shows prior knowledge that Sandton was the lender in the case.

**B. The Debtors could not have breached an agreement they had already terminated.**

8. Ignoring its own obligations based on its knowledge of the case and receipt of the Bar Date Notice, WEG attempts to shift the burden to the Debtors to have informed WEG of a transaction based on the exclusivity paragraph of the engagement letter.

13060400v1

9. On July 29, 2020, ten months prior to the petition date, the Debtors terminated the engagement letter with WEG. *See* Exhibit B.

10. WEG's exclusivity terminated when the engagement letter was terminated.

11. The language in the exclusivity paragraph relied on by WEG states that "WEG will be promptly informed of such <u>inquiry so that it can evaluate such party and its interest in any Financing Transaction and assist the Company is any resulting negotiations</u>."

12. The Debtors could not have breached the terms of the exclusivity paragraph when the agreement had already been terminated. The obligation in that paragraph relied on by WEG could not be enforced, and makes no sense, post-termination when WEG is no longer employed by the Debtors.

13. Paragraph 6 of the engagement letter, titled "Term and Tail Period," does not include any language requiring the Debtors to inform WEG of a Financing Transaction.

14. Accordingly, the Debtors had no contractual obligation to inform WEG of the Sandton DIP loan, and WEG's argument regarding a breach of the exclusivity provision is irrelevant.

## **CONCLUSION**

15. WEG cannot use an alleged breach of a terminated agreement as the basis for its excusable neglect. It was aware of the bankruptcy case and actively engaged with the Debtors from the very beginning of the case. WEG had actual knowledge of the case since June 4, 2021. WEG did not raise its potential claim involving Sandton until after the post-petition transaction it was pursuing fell through.

WHEREFORE, the Debtors request that the Court deny the Motion and grant the Debtors such other and further relief as is just.

Dated: October 25, 2021.
Houston, Texas

**PORTER HEDGES LLP**

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX 24038592)
Aaron J. Power (TX 24058058)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248

**COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION**

13060400v1