IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| OFS INTERNATIONAL LLC., *et al.*,[1] | Case No. 21-31784 (DRJ) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DEBTORS' FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND
PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**
**[Related to Docket Nos. 286 and 318]**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby files its response (the "Response") to the Debtors *First Amended Combined Disclosure Statement and Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Amended Disclosure Statement and Plan") [Docket No. 318].[2] In support of its Objection, the Committee respectfully represents as follows:

1. The Committee incorporates as if set forth in full herein the *Objection of Official Committee of Unsecured Creditors to Debtors' Motion for Order (I) Conditionally Approving Disclosure Statement, (II) Approving Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, (III) Scheduling Combined Hearing on (A) Adequacy of Disclosure*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: OFS International LLC (3527); Threading and Precision Manufacturing LLC (8899); OFSI Holding LLC (3419).

[2] Capitalized terms used herein that are not defined are defined in the Amended Disclosure Statement and Plan.

{HD119485.1}

*Statement and (B) Confirmation of Plan, and (IV) Granting Related Relief* (the "<u>Objection</u>") [Docket No. 296].

2. The Debtors' Amended Disclosure Statement and Plan, at Article II, § E, ¶ 10, attempts to address the Committee's Objection by inserting language suggesting that the Debtors' investment banker and financial advisor, Chiron Financial LLC, solicited equity investment in the Reorganized Debtors in order to "market test" the equity interest proposed to be reinstated to Konstantin Semerikov. *See* Amended Disclosure Statement and Plan art. II, § E, ¶ 10 at 18-19. However, the "teaser" sent by Chiron to private equity firms and strategic parties, a copy of which is attached hereto as **Exhibit A**, does not solicit equity investment; rather, only financing and/or 363 sale bids were sought: "**The Company is seeking approximately $26mm to refinance legacy debt secured by working capital, equipment, and real estate to provide the liquidity to execute its turnaround plan and/or stalking horse bids in the event of a 363 sale.**" Exhibit A at 1 (emphasis added). Consequently, the Amended Disclosure Statement and Plan provides inaccurate, rather than adequate, information on this issue.

3. The Committee proposes the following substitute language for Article II, § E, ¶ 10, of the Amended Disclosure Statement and Plan:

The Debtors obtained approval to employ Chiron as their investment banker (Doc. No. 204). The Debtors instructed Chiron to market for potential debt and <u>363 sale purchasers</u><s>equity sources as well as strategic partners</s>. The terms of Chiron's engagement include separate calculations of fees depending on whether the Debtors closed transactions for debt, <s>equity</s> or a sale of its assets. In all instances, the minimum fee for a transaction up to $10 million was $500,000. For debt raised above $10 million, Chiron's fee is 1%. <s>For equity raised above $10 million, Chiron's fee is 3%.</s> For asset sales between $10 million and $20 million, Chiron's fee is 3%.

Chiron sent a<s>the</s> teaser <u>soliciting debt financing and/or 363 sale bids</u><s>regarding the opportunity</s> involving the Debtors to 123 private equity firms. The Committee's investment banker reviewed this list and provided names of an additional 22 private equity firms which Chiron contacted. Only one of the 145 private equity firms that Chiron contacted executed a non-disclosure agreement ("<u>NDA</u>"). <s>The Debtor has no potential source of equity other than Mr. Semerikov.</s>

Chiron sent the teaser soliciting debt financing and/or 363 sale bids ~~regarding the opportunity~~ involving the Debtors to 132 strategic parties. The Committee's investment banker reviewed this list and provided names of an additional 11 strategic parties which Chiron contacted. Of the 143 strategic parties that Chiron contacted, only four executed a non-disclosure agreement ("NDA") and none provided a term sheet or other proposal after reviewing the Debtors' data room. The Debtor has no restructuring alternatives involving a strategic partner.

Chiron sent the teaser soliciting debt financing and/or 363 sale bids ~~regarding the opportunity~~ involving the Debtors to 301 potential source of debt financing. This pool of contacts included a wide variety of types of lenders, including lenders that would provide a real estate term loan or an asset-based lending facility and some that would provide both. The Committee's investment banker reviewed this list and provided names of an additional 13 lenders which Chiron contacted. Of the 314 lenders that Chiron contacted, 50 executed NDAs and 26 reviewed documents in the Debtors' data room.

The Debtors received several financing term sheets which would be secured by different collateral. The Debtors negotiated these term sheets and concluded that the best option with the highest likelihood of closing would be to pursue two exit facilities—one secured by a first lien on all of the Debtors' real estate and one secured by a first lien on the Debtors' non-real estate assets.

On October 12, 2021, the Debtors executed a term sheet with FGI Worldwide LLC ("FGI") for a proposed revolving facility to be secured by all non-real estate assets based on the value of accounts and inventory and a term loan based on the value of machinery and equipment. A copy of the FGI term sheet is attached hereto as Exhibit 2. Mr. Semerikov will be required to provide FGI with a validity guaranty.

On October 12, 2021, the Debtors executed a term sheet with Briar Capital for a proposed term loan to be secured by a first lien on all of the Debtors' real estate. A copy of the Briar Capital term sheet is attached hereto as Exhibit 3. Mr. Semerikov will be required to provide Briar Capital with a personal guaranty for a portion of the debt and limited deficiency guaranty for a portion of the debt.

On October 14, 2021, the Court entered an order authorizing the Debtors to pay the diligence fees to FGI and Briar Capital required by their respective term sheets (Doc. No. 302). The Debtors are actively working with FGI and Briar Capital on the due diligence process.

4. The Committee further requests that the following language, in the box format set forth below, be inserted at page 4 of the Amended Disclosure Statement and Plan immediately prior to Article I:

> **The Official Committee of Unsecured Creditors does not support the Plan and advises the holders of Class 8 General Unsecured Claims to vote to REJECT the Plan. The Plan proposes to permit the Class 9 interest holder, Konstantin Semerikov, whose interest is junior to Class 8 claimants, to fully reinstate his equity interest in the Reorganized Debtors for a payment of only $350,000, while Class 8 claimants receive only a 48%-50% distribution on their claims. The Debtors did not solicit bids for the equity interest in the Reorganized Debtors from third parties as called for by the U.S. Supreme Court in *Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. Lasalle St. P'ship*, 526 U.S. 434 (1999). Consequently, the Plan cannot be confirmed over the objection of Class 8 General Unsecured Creditors. The Committee believes Class 8 General Unsecured Claims can recover a higher percentage on their Claims in a liquidation or alternate reorganization plan.**

Dated: October 26, 2021                  Respectfully submitted,

                                         **JONES WALKER LLP**

                                         */s/ Joseph E. Bain*
                                         Joseph E. Bain (TX Bar No. 24085187)
                                         Dan L. Cogdell (TX Bar No. 04501500)
                                         Gabrielle A. Ramirez (TX Bar No. 24116937)
                                         811 Main Street, Suite 2900
                                         Houston, Texas 77002
                                         Tel:    713-437-1800
                                         Fax:    713-437-1801
                                         Email:  jbain@joneswalker.com
                                                 dcogdell@joneswalker.com
                                                 gramirez@joneswalker.com

                                         -and-

                                         John W. Mills (admitted *pro hac vice*)
                                         1360 Peachtree Street NE, Suite 1030
                                         Atlanta, Georgia 30309
                                         Tel:    404-870-7517
                                         Fax:    404-870-7501
                                         Email:  jmills@joneswalker.com

                                         *Counsel to the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

      I certify that on October 26, 2021, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in this case.

                                              */s/ Joseph E. Bain*
                                              Joseph E. Bain